PASCASIO FAJARDO MARTÍNEZ, Petitioner and Appellant, *v.* MUNICIPAL ASSEMBLY OF MAYAGÜEZ, Respondent and Appellee.

No. 6714. Argued March 6, 1935.—Decided April 24, 1936.

*Pascasio Fajardo Martínez in pro. per. Oscar Souffront* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Pascasio Fajardo was anxious to obtain from the Municipality of Mayagüez the usufruct of a small piece of land

to construct an office thereon. He presented an application therefor to the municipal assembly but did not accompany the plans required for the building. The assembly on the 5th of December 1932, referred the application to the proper committee who reported favorably on the same day. Again on the same day the assembly passed an ordinance granting the usufruct. A deed for the same was issued and recorded in the Registry of Property of Mayagüez. Thereafter several persons objected in writing and asked that the ordinance be annulled. They alleged that the land in question was part of a public street and one of them said that the use of the land by Pascasio Fajardo would impede the access to a garage owned by her. The assembly referred the petition of annulment to a committee which reported to the assembly as follows:

"This Juridical Committee reports that it referred to the Director of Public Works the objection to the ordinance granting the use and usufruct of the town lot of the Municipality to Attorney Pascasio Fajardo Martínez and the Director of Public Works reported as follows:

" 'In the urbanization plan prepared by Mr. Soler in August 1929, it appears as an extension of Dr. Basora Street.

" 'Very respectfully, (signed) Alonso Aguilar, Director of Public Works.'

"The Committee granted a hearing to the interested parties where the matter was fully discussed.

"Resting on the arguments advanced by both parties and by the Director of Public Works, this Committee recommends as follows:

"That the ordinance approved by the Municipal Assembly of Mayagüez on December 5, 1932, granting to Attorney Pascasio Fajardo Martínez the use and usufruct of a town lot belonging to the Municipality be revoked.

"Mayagüez, P. R., March 7, 1933."

Whereupon the assembly, by a resolution more or less in the form of an ordinance, annulled or attempted to annul the granting of the usufruct.

Pascasio Fajardo presented an application for certiorari to the District Court of Mayagüez which issued the same but

subsequently annulled it. In reply a return was presented by the Municipal Assembly of Mayagüez which constitutes a part of the record on appeal.

■ The District Court of Mayagüez was under the impression that on this return the court had no right to enter into questions of fact. The writ, however, is not the classical certiorari but a means of proceeding to a review of legal or perhaps other acts of a municipal assembly. *Padilla* v. *Justice of Peace et al.*, 35 P.R.R. 276; *People* v. *Oms*, 34 P.R.R. 435.

We have gone so far as to intimate that matters *aliunde* might be inquired into in the course of a proceeding like the present one. *People* v. *Oms, supra.* The appellee maintains, and the district court held, that the plans of the building should have accompanied the original petition. The plans in fact were not presented until January 20, 1933, but if the municipality did not insist it may be considered that it waived the same.

■ The appellant attempts to attack the resolution of March 1, 1933, inasmuch as it was not in the form of an ordinance. We agree, however, with the appellee that substantially it was an ordinance, supposing of course, that the municipality had a right to reverse its previous action.

Examining the report of the juridical committee on which the assembly acted on March 1, 1933, it is conceivable the same might not have been conclusive on the appellant if in fact he had attempted to bring proof *aliunde* to show the paraphernal character of the lot.

The court, it is true, entered only very lightly, if at all, into the question as to whether the lot was a part of a public street, and we have had some doubts as to whether it might not have done so.

Examining the record, however, we find that when the juridical committee was considering the public or paraphernal nature of the land, three plans of the city of Mayagüez were submitted to it. The appellee maintains that these

plans show that the locality was in fact a continuation of Dr. Basora Street. The plans have not been certified up to us and the failure to do so militates against the appellant.

Not only has the appellant failed to certify up these plans, but he has done nothing to show us that the municipal assembly did not have enough evidence before it to arrive at its final conclusion.

It hence becomes unnecessary to discuss the matters of acquired rights or considerations of constitutional law. We are of the opinion that, if Dr. Basora Street was definitely dedicated to the public, there was no violation of property rights shown, nor any violation of constitutional rights.

The appellant speaks of the failure to be notified 30 days before the meeting of the assembly, but as he attended apparently without protest, the objection will be disregarded.

The judgment appealed from should be affirmed.